IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| DANIEL E. KELLER, Institutional ID No. 21804-112 | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 1:18-CV-00093-C |
| FNU DANIELS, *et al.*, | § § § § | |
| Defendants. | § | |

## ORDER

The United States Magistrate Judge entered a Report and Recommendation on January 14, 2019. Plaintiff did not file objections but filed a Motion for Leave to Withdraw.

The undersigned Senior United States District Judge has made an independent examination of the record and has examined the findings, conclusions, and recommendations of the Magistrate Judge as well as the Plaintiff's Motion for Leave to Withdraw. The Court accepts and adopts the findings, conclusions, and recommendation of the Magistrate Judge.

The Court also finds that Plaintiff's Motion for Leave to Withdraw should be DENIED. Plaintiff seeks to voluntarily withdraw the instant civil action as long as his petition filed under 28 U.S.C. § 2241 remains open so that he may continue to challenge the disciplinary proceeding at FCI Big Spring that resulted in the loss of 28 days good conduct time. The Court notes that no such petition has been filed; however, the dismissal of this civil action does not prevent him

from filing such a petition in the proper Court.¹ The Court further finds that Plaintiff should not be permitted to use voluntary dismissal to avoid the accumulation of a strike under the PLRA. *Hines*, 320F. Supp. 2d at 528–29 (denying prisoner's motion to dismiss voluntarily even though no answer or motion for summary judgment filed "because it is clearly an attempt to circumvent an adverse consequence," i.e., a with-prejudice dismissal counting as a strike under the PLRA (citing *League of United Latin Am. Citizens v. Clements*, 999 F.2d 831, 843 (5th Cir. 1993))).

It is, therefore, ORDERED that Plaintiff's complaint and all claims alleged therein are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915(a), except that Plaintiff's due process claims against Defendants Daniels, Rule, and Stuteville, based on the loss of good time credits as a result of the disciplinary proceeding are dismissed with prejudice unless and until he can meet the conditions of *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994).

Judgment will be entered accordingly.

This dismissal shall count as a qualifying dismissal under 28 U.S.C. § 1915(e)(2)(B) and 1915A(b)(1), and *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996).

Dismissal of this action does not release Plaintiff or the institution where he is incarcerated from the obligation to pay any filing fee previously imposed. *See Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997).

---

1 The United States Magistrate Judge noted specifically that the Eastern District, as the district of incarceration, is the proper court to hear a § 2241 habeas petition over the loss of good time credits, and "to the extent Plaintiff wants to pursue habeas relief, he has not been prejudiced by the Eastern District not construing the action as a § 2241 petition because he can still file such a petition and the Fifth Circuit has not applied a statute of limitations to such a petition." Doc. 35, fn. 6. Plaintiff should be able to secure a copy of the § 2241 form approved for use in the Eastern District from the FCI Beaumont law library.

If Plaintiff appeals this Order, he will be required to pay the appeal fee of $505.00 pursuant to the PLRA, and he must submit an application to proceed *in forma pauperis* and a 6-month Certificate of Inmate Trust Account at the same time he files his notice of appeal.

Any pending motions are **DENIED**.

Dated April __, 2019.

SAM R. CUMMINGS
Senior United States District Judge